## THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| VISTEON CORPORATION, *et al.*,[1] | Case No. 09-11786 (CSS) |
| | Jointly Administered |
| Reorganized Debtors. | |
| VISTEON CORPORATION, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 11-_____ |
| RYAN & COMPANY; RYAN TAX COMPLIANCE SERVICES LLC | |
| Defendant(s). | |

### COMPLAINT TO AVOID AND RECOVER TRANSFERS
### PURSUANT TO 11 U.S.C. §§547, 548 AND 550

Visteon Corporation ("Plaintiff"), by its undersigned counsel, for its Complaint, alleges as follows:

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Visteon Corporation (9512); ARS, Inc. (3590); Fairlane Holdings, Inc. (8091); GCM/Visteon Automotive Leasing Systems, LLC (4060); GCM/Visteon Automotive Systems, LLC (7103); Infinitive Speech Systems Corp. (7099); MIG-Visteon Automotive Systems, LLC (5828); SunGlas, LLC (0711); The Visteon Fund (6029); Tyler Road Investments, LLC (9284); VC Aviation Services, LLC (2712); VC Regional Assembly & Manufacturing, LLC (3058); Visteon AC Holdings Corp. (9371); Visteon Asia Holdings, Inc. (0050); Visteon Automotive Holdings, LLC (8898); Visteon Caribbean, Inc. (7397); Visteon Climate Control Systems Limited (1946); Visteon Domestic Holdings, LLC (5664); Visteon Electronics Corporation (9060); Visteon European Holdings Corporation (5152); Visteon Financial Corporation (9834); Visteon Global Technologies, Inc. (9322); Visteon Global Treasury, Inc. (5591); Visteon Holdings, LLC (8897); Visteon International Business Development, Inc. (1875); Visteon International Holdings, Inc. (4928); Visteon LA Holdings Corp. (9369); Visteon Remanufacturing Incorporated (3237); Visteon Systems, LLC (1903); Visteon Technologies, LLC (5291). The location of the Debtors' corporate headquarters and the service address for all the Debtors is: One Village Center Drive, Van Buren Township, Michigan 48111.

Introduction and Parties

1. On May 28, 2009, (the "Petition Date"), Visteon Corporation and certain of its subsidiaries and affiliates (collectively, "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §101 et seq. (the "Bankruptcy Code").

2. On August 27, 2010, Debtors filed the Fifth Amended Joint Plan of Reorganization of Visteon Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the United States Bankruptcy Code (the "Plan").

3. On August 31, 2010, the Plan was confirmed by the Court's entry of Findings of Fact, Conclusions of Law, and Order Confirming Fifth Amended Joint Plan of Reorganization of Visteon Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 4099].

4. Pursuant to the Plan, general unsecured creditors in this jointly administered chapter 11 case will receive less than the full amount of their unsecured claims.

5. Pursuant to Article IV(S) of the Plan, Debtors retained the right to pursue certain claims and causes of action, including those arising under chapter 5 of the Bankruptcy Code.

6. The Defendant(s) were, at all time material hereto, a vendor to or creditor of the Debtors.

Jurisdiction and Venue

7. Subject matter jurisdiction exists in this Court pursuant to 28 U.S.C. §1334.

8. This Adversary Proceeding is a "core" proceeding pursuant to 28 U.S.C. §§157(b)(2)(A), (F), (H) and (O).

9. Personal jurisdiction over Defendant(s) exists in this Court because Defendant(s) conducted business in the United States, directed activities toward Debtors in the United States, and/or the transfers at issue occurred in the United States.

10. Venue of the Adversary Proceeding in this Court is proper pursuant to 28 U.S.C. §1409(a).

## Background

11. Prior to the Petition Date, one or more Debtors entered into certain purchase orders and/or supply agreements (the "Agreements") with Defendant(s) pursuant to which Defendant(s) was obligated to provide and deliver certain goods and/or services to Debtors.

## CLAIMS FOR RELIEF

### I. Avoidance and Recovery of Preferential Transfers

12. Plaintiff incorporates and restates the above paragraphs.

13. Within the 90-day period prior to the Petition Date, Plaintiff made or caused to be made the transfers listed on Exhibit A (the "Transfers") to Defendant(s) from Plaintiff's bank account(s).

14. Each of the Transfers constituted a transfer of an interest in Plaintiff's property-- money from Plaintiff's bank account(s).

15. The Transfers were to or for the benefit of Defendant(s).

16. Defendant(s) was a creditor of one or more Debtors, including, without limitation, Plaintiff, on the dates that each of the Transfers were made.

17. Each of the Transfers was made for or on account of antecedent debt owed by one or more Debtors, including, without limitation, Plaintiff, before such Transfer was made. The

antecedent nature of the debt is evidenced by the purchase order, contracts, agreements, invoices and/or bills of lading identified on Exhibit A.

18. Pursuant to section 547(f) of the Bankruptcy Code, Plaintiff is presumed to have been insolvent and, in fact, was insolvent. In the fourth quarter of 2008, Debtors reported a net loss of $346 million on net sales from continuing operations of $1.7 billion, and Debtors' public accounting firm included a statement in Plaintiff's 2008 annual report on Form 10-K that it had substantial doubt about Plaintiff's ability to continue as a going concern. Further, Plaintiff's Bankruptcy Schedules filed in the above captioned bankruptcy case indicate that the amount of Plaintiff's liabilities exceeded the value of its assets as of the Petition Date.

19. Under the terms of the Plan, unsecured creditors will not be paid the full amount of their claims. The Debtors' liquidation analysis (Exhibit D to Disclosure Statement For The Joint Plan Of Reorganization Of Reorganization Of Visteon Corporation And Its Debtor Affiliates Pursuant To Chapter 11 Of The United States Bankruptcy Code) indicates that if each of Debtor's estates had been liquidated under chapter 7, unsecured creditors of each estate would receive no distribution on account of their claims.

20. Defendant(s) was an unsecured creditor of one or more Debtors, including, without limitation, Plaintiff, on the dates that each of the Transfers were made. The Transfers enabled Defendant(s) to receive more than Defendant(s) would have received if: (i) these cases were cases under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made, and (iii) Defendant(s) received payment of the debt paid by each Transfer to the extent provided by the Bankruptcy Code.

21. Pursuant to section 547(b) of the Bankruptcy Code, Plaintiff is entitled to avoid the Transfers.

22. Pursuant to section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover the Transfers avoided pursuant to section 547(b) of the Bankruptcy Code.

## II. Avoidance and Recovery of Fraudulent Transfers

23. Plaintiff incorporates and restates the above paragraphs.

24. Each of the Transfers constituted a transfer to Defendant(s) of an interest in Plaintiff's property--money from Plaintiff's bank account(s).

25. Each of the Transfers was made on or within two (2) years prior to the Petition Date.

26. Plaintiff received less than reasonably equivalent value in exchange for the Transfers in that Defendant(s) provided little or no value to Plaintiff in exchange for the Transfers.

27. Plaintiff (a) was insolvent on the dates of the Transfers or became insolvent as a result of the Transfers; (b) was engaged in business for which the property remaining with Plaintiff after the Transfers was an unreasonably small capital; or (c) on the dates of the Transfers, intended to incur, or believed or reasonably should have believed that they would incur, debts that would be beyond its ability to pay as such debts matured.

28. Pursuant to sections 544(b)(1) and 548 of the Bankruptcy Code, Plaintiff is entitled to avoid the Transfers.

29. Pursuant to section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover the Transfers avoided pursuant to sections 544(b)(1) and 548(a)(1) of the Bankruptcy Code.

### III. Claim Disallowance under 11 U.S.C. §502(d)

30. The Transfers are avoidable under section 547 or section 548 of the Bankruptcy Code, and Defendant(s) is an entity from which property is recoverable under section 550 of the Bankruptcy Code.

31. Defendant(s) has not paid the amount for which Defendant(s) is liable under section 550 of the Bankruptcy Code.

32. Pursuant to Section 502(d) of the Bankruptcy Code, all claims of Defendant(s) against Debtors, including, without limitation all scheduled or filed claims, must be disallowed until the Transfers are repaid in full to Plaintiff.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter Judgment in favor of Plaintiff and against Defendant(s) in an amount not less than the amount of the aggregate amount of the Transfers, plus costs, interest and attorneys fees as allowed by law;

B. Disallow all claims of Defendant(s) against Debtors, including, without limitation, all scheduled or filed claims, until the Transfers are repaid in full to Plaintiff; and

C. Grant such other and further relief as this Court may deem just and proper.

Dated: May 25, 2011　　　　　　　　**PACHULSKI STANG ZIEHL & JONES LLP**

　　　　　　　　　　/s/ James E. O'Neill
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
919 North Market Street, 17th Floor
Wilmington, Delaware 19899-8705
Telephone:　(302) 652-4100
Facsimile:　(302) 652-4400
E-Mail:　　ljones@pszjlaw.com
　　　　　　joneill@pszjlaw.com

-and-

**DICKINSON WRIGHT PLLC**
Michael C. Hammer (P41705)
Dawn R. Copley (P53343)
301 E. Liberty, Suite 500
Ann Arbor, MI 48104-2266
Telephone: (734) 623-7075
Facsimile: (734) 623-1625
E-mail:mchammer3@dickinsonwright.com
　　　　dcopley@dickinsonwright.com

*Attorneys for the Reorganized Debtors*

DETROIT 50170-197 1204426v1

RYAN COMPANY
EXHIBIT A

| Check Number or Payment Reference | Check Date or Payment Date | Amount | Amount Paid | Defendant Entity | Invoice Number or Reference Number | Invoice Date |
|---|---|---|---|---|---|---|
| 0000569907 | 3/2/2009 | $ 23,346.14 | $ 4,498.78 | RYAN & COMPANY | 866828 | 12/17/2008 |
| | | | $ 1,390.58 | | 867343 | 12/17/2008 |
| | | | $ 9,550.00 | | 863715 | 1/27/2009 |
| | | | $ 1,089.04 | | 863755 | 1/27/2009 |
| | | | $ 4,488.12 | | 864052 | 1/27/2009 |
| | | | $ 2,104.62 | | 866219 | 1/27/2009 |
| | | | $ 225.00 | | 866322 | 1/27/2009 |
| 0000570899 | 3/16/2009 | $ 8,855.19 | $ 4,377.93 | RYAN & COMPANY | 863751 | 2/9/2009 |
| | | | $ 4,477.26 | | 864052 | 2/9/2009 |
| 0000572016 | 4/1/2009 | $ 900.00 | $ 900.00 | RYAN & COMPANY | 866828 | 1/27/2009 |
| 0000575203 | 5/15/2009 | $ 50,597.17 | $ 5,475.00 | RYAN & COMPANY | 863715 | 4/3/2009 |
| | | | $ 87.50 | | 863751 | 4/3/2009 |
| | | | $ 1,989.04 | | 866219 | 4/3/2009 |
| | | | $ 16,918.57 | | 863715 | 4/6/2009 |
| | | | $ 13,045.19 | | 863751 | 4/6/2009 |
| | | | $ 587.50 | | 866219 | 4/6/2009 |
| | | | $ 460.03 | | 866322 | 4/15/2009 |
| | | | $ 12,034.34 | | 868499 | 4/15/2009 |
| | 5/26/2009 | $ 67,166.14 | | RYAN TAX COMPLAINCE SERVICES | | |
| | | $ 150,864.64 | | | | |